UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**LEE PARDEW,**
        **Plaintiff,**

**versus**                                                      Civil Action No. 3:26-cv-39

**WASTE MANAGEMENT OF**
**LOUISIANA, L.L.C.,**
        **Defendant.**

## DEFENDANTS' NOTICE OF REMOVAL

Comes now Defendant Waste Management of Louisiana, L.L.C. ("Waste Management"), fully reserving its right to raise all defenses and objections to which it may be entitled, including those stated in Fed. R. Civ. P. 12, and hereby remove from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, the following described and captioned lawsuit. In support thereof, Waste Management represents as follows:

**I.  REMOVAL JURISDICTION**

1.

This action is being removed to federal court based upon diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).

2.

Waste Management files this Notice of Removal within 30 days of receipt of the initial pleading, as a copy of the Citation and Petition for Unpaid Wages was served via the Louisiana

Secretary of State on December 12, 2025. Accordingly, removal of this action is timely under 28 U.S.C. § 1446(b).

3.

Venue is proper in the United States District Court for the Middle District of Louisiana, because the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana, is located within this District. 28 U.S.C. § 1441(a).

## II.    STATEMENT OF FACTS

4.

On or about December 12, 2025, Plaintiff filed a Petition for Unpaid Wages ("Petition") against Waste Management. The suit is captioned *Lee Pardew v. Waste Management of Louisiana, L.L.C.* in the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana. In accordance with 28 U.S.C. § 1446(a), a copy of the Citation and Petition, the only documents served upon Waste Management, are attached hereto as Exhibit A, *in globo*.

5.

As set forth in the Petition, Plaintiff is a former employee of Waste Management and worked for Waste Management's location out of Harvey, Louisiana. (Petition, ¶2) Plaintiff alleges that he is owed an annual bonus, and Plaintiff claims he requested such amount on April 2, 2025. (Petition, ¶3) Plaintiff alleges he was told that Waste Management does not pay bonuses to employees who have been terminated. (Petition, ¶3) Plaintiff alleges his counsel send a demand for payment to Waste Management but did not receive a payment in response thereto. (Petition, ¶4) Plaintiff alleges that Waste Management owes him a bonus and is indebted unto Plaintiff for damages, including statutory penalties and attorney fees, which penalties Plaintiff alleges in the amount of $32,938.20 for ninety days of wages at Plaintiff's daily rate of pay. (Petition, ¶¶5-6).


## IV. DIVERSITY JURSIDICTION

13.

Removal of this matter is warranted based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a), as complete diversity of citizenship exists between all properly joined parties in this case and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

14.

Since complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00, this action is removable to federal court. 28 U.S.C. §1332(a) and 28 U.S.C. § 1441(b).

**A.   The Parties Are Completely Diverse**

15.

In his Petition, Plaintiff asserts that he "of age of majority, State of Louisiana." (*See* Petition, Introductory Paragraph).

16.

Waste Management is a Delaware limited liability company with Waste Management of Louisiana Holdings One, Inc. as its sole member. Waste Management of Louisiana Holdings One, Inc. is a Delaware corporation with its principal place of business in Texas. As such, at all relevant times, including when this lawsuit was filed and as of the date of the filing of this notice, Waste Management is a citizen and domiciliary of the States of Delaware Texas. Waste Management has no member domiciled in Louisiana.[1]

17.

Accordingly, there is complete diversity between Plaintiff and Waste Management.

---

[1] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079-80 (5th Cir. 2008) (holding that holding that the citizenship of a limited liability company (LLC) is determined by the citizenship of all of its members).

**B.     The Petition Asserts Damages In Excess Of the $75,000 Jurisdictional Amount**

18.

Plaintiff in his Petition states that he is seeking the following relief:

- All sums owed;

- Damages;

- Penalties and attorney fees under *La. R.S. 23:631, et seq.*;

- All costs of these proceedings and legal interest on all amounts owed; and

- All general and equitable relief, etc.  (Petition, prayer for relief).

19.

While Waste Management concedes neither liability on Plaintiff's claims nor the propriety or breadth of the claims alleged, the "matter in controversy exceeds" the jurisdictional amount of $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

20.

As the Supreme Court has explained, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens,* 135 S.Ct. 547, 551-554 (2014) (holding that evidence of the amount in controversy will only be required when this factor is contested); *see also, Carter v. Westlex Corp.* 643 Fed. Appx. 371, 375 (citing to *Dart* regarding the amount in controversy requirement for removal, and finding, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and this "allegation should be accepted when not contested by the plaintiff or questioned by the court").

4

21.

Plaintiff's allegations in his Petition indicate that he is seeking, *inter alia,* "compensation of unpaid earned wages, statutory penalties due equal to up to ninety days of wages, with interest from date of judicial demand, until paid, for all costs of the proceeding, with reasonable attorney's fees." (Petition, prayer for relief).

22.

Plaintiff has not stipulated in his Petition the exact amount sought for any of these alleged damages, except that he alleges that the statutory penalties are owed in the amount of $32,938.20. Plaintiff alleges to be owed a bonus, and Plaintiff seeks recoupment of attorney's fees under La. R.S. 23:632, which combined could exceed $100,000.

23.

Accordingly, Plaintiff's claims are in excess of the $75,000.00 jurisdictional threshold required for removal to court, and along with complete diversity of citizenship existing between the parties, this action is removable to federal court.

24.

Along with the filing of this Notice of Removal, Waste Management has at the same time given written notice to Plaintiff's counsel by furnishing copies of this Notice of Removal and attachments, and will file forthwith notice of this Notice of Removal in the 19th Judicial District Court, East Baton Rouge Parish, State of Louisiana.

25.

Waste Management reserves its rights to raise all objections and defenses to which it may be entitled, waiving nothing.

26.

Waste Management reserves its right to amend or supplement this Notice of Removal and to urge additional arguments in support of its entitlement to remove this suit.

### IV.   CONCLUSION

27.

Waste Management has properly established that diversity jurisdiction exists based on the claims set forth in Plaintiff's Petition.  This case is, therefore, removable.

Respectfully submitted,

*/s/  Andrew J. Halverson*
Andrew J. Halverson (La. Bar No. 31184)
Michael C. Ledet (La. Bar No. 40430)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
325 Settlers Trace Blvd., Suite 201
Lafayette, LA 70508
Telephone:  (504) 648-3840
Facsimile:  (504) 648-3859
Email:  andrew.halverson@ogletreedeakins.com

Attorneys for Defendant, Waste Management of Louisiana, L.L.C.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Notice of Removal has been served on all counsel of record by placing same in the United States mail, first-class postage prepaid, addressed as follows:

>Gregory J. Miller
>Miller, Hilgendorf & Young
>Attorneys at Law
>3960 Government St
>Baton Rouge La 70806
>Phone: (225) 343-2205
>Facsimile: (225) 343-2870
>www.mlhlaw.com

This 12th day of January, 2026.

>　　　　　　　　　　　　　　　　　　*/s/ Andrew J. Halverson*
>　　　　　　　　　　　　　　　　　　　Andrew J. Halverson